IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-70-BO-BM

SHIRLEY VAUGHAN,                        )
                                        )
                Plaintiff,              )
                                        )
v.                                      )               O R D E R
                                        )
MARTIN O'MALLEY,                        )
*Commissioner of Social Security*       )
                Defendant.              )

This cause comes before the Court on plaintiff's complaint, which seeks review of the final

decision of the Commissioner of Social Security and entry of judgment in her favor. While plaintiff

has filed the appropriate brief pursuant to the Supplemental Rules for Social Security, [DE 11],

defendant has moved to remand, [DE 14]. A hearing was held on the matter before the undersigned

on May 29, 2024, at Raleigh, North Carolina. For the reasons that follow, the Commissioner's

decision is reversed, and the matter is remanded for an award of benefits.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's

final decision to deny her application for supplemental security income (SSI) under Title XVI of

the Social Security Act. On April 11, 2016, plaintiff filed an application for SSI with an amended

alleged onset date of April 11, 2016. While that claim was pending, she filed a subsequent

application for SSI on October 22, 2020, which was approved. The decision on review pertains to

the SSI claim over a closed period of April 11, 2016 to April 21, 2021. After initial denials, plaintiff

proceeded to her first hearing before an Administrative Law Judge (ALJ) in 2018, after which she

received an unfavorable decision. The Appeals Council (AC) vacated and remanded that decision, assigning the case to a new ALJ for consideration. Plaintiff received another unfavorable decision pursuant to this second ALJ hearing. The AC denied her request for review, and plaintiff sought judicial review in this Court. This Court remanded the decision for a third ALJ hearing. *Vaughan v. Kijakazi*, No. 4:20-CV-235-RJ (E.D.N.C. Jan. 24, 2022). A third hearing before an ALJ took place on November 22, 2022, after which the ALJ again issued an unfavorable decision. Plaintiff then filed this appeal. Plaintiff was 49 years old at her alleged date of onset and 56 at the time of this last ALJ decision.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, at step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease (DDD); degenerative joint disease (DJD), knees; asthma; a seizure disorder; an affective disorder, variously diagnosed as depression and bipolar disorder; an anxiety disorder, variously diagnosed as generalized anxiety disorder and panic disorder; post-traumatic stress disorder (PTSD); an intellectual disorder (full-scale IQ of 69-72);

3

and alcohol use disorder. The ALJ determined that none of these impairments or any combination thereof met or medically equaled the severity of any Listing at step three. At step four, the ALJ made an RFC finding that plaintiff could perform light work with a range of exertional and non-exertional limitations and that she had no past relevant work. The ALJ found at step five that based on plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs that existed in significant numbers in the national economy, such as nut and bolt assembler, produce sorter, and remnant cutter. Accordingly, the ALJ found plaintiff not to be disabled.

Plaintiff's primary contention is that the ALJ's determination is materially inconsistent with the record, as her inability to read should have led him to apply the illiterate Grid rule (202.09), which would have resulted in a finding of disability. Plaintiff contends that the ALJ's finding that she is limited to oral or pictorial instructions, coupled with her age, should have necessarily resulted in a finding of disability.

The record supports a finding that plaintiff is functionally illiterate. The Social Security Regulations provide that "someone [is] illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though that person can sign his or her name." 20 C.F.R. § 404.1564(b)(1). The record here shows that plaintiff has significant literacy challenges, which include requiring others' help to fill out forms and pay her bills, being unable to read a grocery list, and other similar difficulties. Tr. 57, 1520. The ALJ deemed her literate despite recognizing these severe limitations and concluding that she could not work in a situation which required reading instructions. Tr. 1492. A finding that plaintiff was literate contradicts the record and the regulatory definition of illiteracy.

Whether to remand for a new decision or reverse for an award of benefits, however, is within this Court's discretion. *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also*

4

*Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). Accordingly, courts in the Fourth Circuit "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Arakas v. Comm., Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020).

The interest of justice would not be served by remand for another ALJ hearing. Federal courts have the authority to "affirm, modify, or reverse the Commissioner's final decision 'with or without remanding the cause for a rehearing.'" *Id.* (quoting 42 U.S.C. § 405(g)). In *Arakas*, the Fourth Circuit found that a long history of appeals and remands coupled with its finding of plaintiff's disability mandated a reversal without yet another remand. *Id.* at 112 ("After multiple denials and reconsideration requests, two ALJ hearings, and two federal suits, we simply cannot delay justice any longer."); *see also Bilotta v. Saul*, 850 F. App'x 162, 171 (4th Cir. 2021) (holding that a meritorious claim based on claimant's illiteracy that had been pending for almost ten years required an award of benefits by the court). Here, the procedural history of the case mirrors those in *Arakas* and *Bilotta*, made even more relevant by the fact that this issue of illiteracy on appeal was already cited as a reason for remand in a previous appeal when the AC required the ALJ to "[g]ive further consideration to whether the claimant is 'illiterate'" on remand. Tr. 167. The record shows that multiple hearings have resulted in this same unsupported and inconsistent finding, and there is no reason to believe that the same inconsistency would not result again if this Court were to order a remand.

Given that the determinations made by the ALJ were not supported by substantial evidence, coupled with plaintiff's age and the long procedural history of this case, the decision of the Commissioner is appropriately reversed for benefits to be awarded.

5

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes the ALJ's decision is not supported by substantial evidence and that reversal is appropriate. Accordingly, the decision of the ALJ is REVERSED, and the matter is remanded for an award of benefits. The Commissioner's motion to remand for further proceedings [DE 14] is DENIED.

SO ORDERED, this **12** day of June 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE